# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

MATTHEW WARD, on behalf of himself individually and in the alternative for claims under the FLSA, on behalf of other similarly situated current or former employees,

Plaintiff,

v.

HAT WORLD, INC., a Minnesota corporation,

Defendant.

Civil Action No.: 2:17-cv-00781

**NOTICE OF REMOVAL**

TO: MATTHEW WARD, Plaintiff

AND TO: SCOTT McKAY, Plaintiff's attorney

AND TO: TODD WYATT and MARINA VISAN, Plaintiff's attorneys

AND TO: THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

Defendant, Hat World, Inc. ("Hat World"), hereby provides notice of removal of the above-entitled action from the Superior Court of the State of Washington in and for the County of King to the United States District Court for the Western District of Washington at Seattle pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. The grounds for removal are as follows:

NOTICE OF REMOVAL
CASE NO. 2:17-CV-00781

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3600
Seattle, WA 98104-4040
Telephone: (206) 332-1380

## I. NATURE AND DESCRIPTION OF CASE

1. Plaintiff, Matthew Ward ("Plaintiff"), sued Hat World, Inc. ("Hat World") claiming that he was paid improperly during his employment. More specifically, Plaintiff alleges that he was misclassified as an exempt employee under federal and state wage law and that he is owed overtime. The Department of Labor and Industries for the State of Washington has already reviewed Plaintiff's wage claim and determined that he met all the requirements to be classified as exempt under the administrative exemption. Nonetheless, Plaintiff pursues a different result by filing this case and also seeks to represent a class of Hat World employees throughout the country who worked as a Regional Loss Prevention Investigator and who are also classified as exempt. For the reasons stated below, this case belongs in federal court.

## II. JURISDICTION

2. The district courts of the United States have original jurisdiction over any action which "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

3. Whether a claim "arises under" federal law is determined by the "well-pleaded complaint" rule. *Bavand v. OneWest Bank FSB,* No. 12-cv-254-JLR, 2012 WL 1884668, at *2 (W.D. Wash. May 22, 2012) (citing *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475, 61 S. Ct. 921 (1998).

4. Under this rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Bavand*, 2012 WL 1884668, at *2 (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 921 (1987)).

5. Supplemental jurisdiction, under 28 U.S.C. § 1367(a), exists over state law claims that are "so related" to the claims over which the court has original jurisdiction that "they form part of the same case or controversy" under Article III. 28 U.S.C. § 1367(a).

6. In this case, Plaintiff's claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, appears on the face of his complaint. (*See* First Amended Complaint for Damages ("Compl.") ¶¶ 5.1-5.14.) Thus, the Court has original jurisdiction under 28 U.S.C.

NOTICE OF REMOVAL - 2 -
CASE NO. 2:17-CV-00781

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3600
Seattle, WA 98104-4040
Telephone: (206) 332-1380

§ 1331. *See, e.g. Smith v. K-Mart Corp.*, 899 F. Supp. 503, 504 (E.D. Wash. 1995) (finding original jurisdiction over FLSA claims under Section 1331); *Anthony v. W. Coast Drug Co.*, 331 F. Supp. 1279, 1281 (W.D. Wash. 1971) (same).

7. The Court also has supplemental jurisdiction over Plaintiff's claim pursuant to the State of Washington's parallel wage statute, the Washington Minimum Wage Act ("MWA"), RCW 49.46, *et seq.* Namely, Plaintiff's state law claims are "so related" to his FLSA claims that they share a common nucleus of operative fact. (*See* Compl. ¶ 5.1.) Indeed, Plaintiff's MWA claims simply replicate Plaintiff's FLSA claims in all material aspects.

8. The district court may decline to exercise supplemental jurisdiction over related state law claims if: (1) the claims raise a novel or complex issue of state law; (2) the claims substantially predominate over the claim giving the court original jurisdiction; (3) the district court has dismissed all other claims over which it has original jurisdiction; or (4) there are compelling reasons to decline jurisdiction in light of exceptional circumstances. *See* 28 U.S.C. § 1367(c). None of these subsections apply in this case.

9. Indeed, Ninth Circuit courts routinely exercise supplemental jurisdiction over parallel state wage claims where claims arising under the FLSA are also asserted. *See, e.g., Smith*, 899 F. Supp. at 505 ("Plaintiffs concede that this court has original jurisdiction over the federal claims, and have not argued, nor could they, that the state claims are so unrelated to the federal claims that they do not form a part of the same case or controversy."); *see also Stevens v. Datascan Field Servs. LLC*, 2:15-CV-00839-TLN-AC, 2017 WL 590250, at *2 (E.D. Cal. Feb. 14, 2017) (finding supplemental jurisdiction over state law wage claims); *see Nielsen v. Moore*, 15-cv-681-PHX-JZB, 2016 WL 758237, at *2 (D. Ariz. Feb. 26, 2016) (same); *Randolph v. Centene Mgmt. Co., LLC*, 14-cv-5730 BHS, 2015 WL 5794326, at *2 (W.D. Wash. Oct. 5, 2015); *Daprizio v. Harrah's Las Vegas, Inc.*, 2:10-cv-604-GMN, 2010 WL 3259920, at *2 (D. Nev. Aug. 17, 2010) (same), *reconsidered on other grounds*, 2:10-CV-00604-GMN, 2010 WL 5099666 (D. Nev. Dec. 7, 2010). This Court should do the same in this case.

NOTICE OF REMOVAL - 3 -
CASE NO. 2:17-CV-00781

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3600
Seattle, WA 98104-4040
Telephone: (206) 332-1380

### III. REMOVAL

10. "A civil case commenced in state court may, as a general matter, be removed by the defendant to federal district court, if the case could have been brought there originally." *Bavand*, 2012 WL 1884668, at *2 (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134, 126 S. Ct. 704 (2005), in reference to 28 U.S.C. § 1441).

11. In order to properly remove a case from state to federal court, a defendant must file a notice of removal within 30 days of receiving the initial pleading or of service of the same. 28 U.S.C. § 1446(b)(1).

12. In this case, Plaintiff could have filed in this court. (*See supra* § II.) Instead, Plaintiff filed his Complaint in the Superior Court for the State of Washington in and for the County of King on or about April 21, 2017, and the action was given the cause number 17-2-10535-0 ("Initial Complaint"). A true and correct copy of the Initial Complaint is attached as Exhibit A to the Declaration of Curt Hineline in Support of Hat World's Notice of Removal ("Hineline Declaration"). On May 4, 2017, Hat World was served with a Summons and First Amended Complaint for Damages dated April 28, 2017. True and correct copies of the Summons and First Amended Complaint for Damages are attached as Exhibits B and C, respectively, to the Hineline Declaration.

13. Hat World is the only named defendant in this case and hereby gives its consent to removal of the action. 28 U.S.C. § 1446(b)(2).

14. Removal to the U.S. District Court for the Western District of Washington at Seattle is proper pursuant to 28 U.S.C. § 128(b), because it is the judicial district embracing the place where this action is pending. *See* 28 U.S.C. § 128(b).

### IV. NOTICE

15. Pursuant to 28 U.S.C. § 1446(d), Hat World will promptly give written notice of the filing of this Notice of Removal to all parties of record in this matter, and it will file a copy of this Notice of Removal with the clerk of the state court.

NOTICE OF REMOVAL - 4 -
CASE NO. 2:17-CV-00781

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3600
Seattle, WA 98104-4040
Telephone: (206) 332-1380

## V. JURY DEMAND

16. Hat World hereby preserves its right to request a trial by jury.

## VI. EXHIBITS TO NOTICE OF REMOVAL

17. Pursuant to Rule 101(b) of the Local Civil Rules, the following encompasses all records and pleadings filed in the state court proceeding to date:

    a. Initial Complaint, Exhibit A to the Hineline Declaration;

    b. Order Setting Civil Case Schedule, Exhibit D to the Hineline Declaration;

    c. Case Information Cover Sheet, Exhibit E to the Hineline Declaration;

    d. Summons, Exhibit B to the Hineline Declaration; and

    e. First Amended Complaint for Damages, Exhibit C to the Hineline Declaration.

## VII. CONCLUSION

For the reasons stated above, Defendant Hat World, Inc. hereby removes the action bearing cause number 17-2-10535-0 pending in the Superior Court for the State of Washington in and for the County of King to this Court. This Court has jurisdiction over this action, and it should be entered on the docket for further proceedings as though this action had been originally instituted in this Court.

NOTICE OF REMOVAL - 5 -
CASE NO. 2:17-CV-00781

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3600
Seattle, WA 98104-4040
Telephone: (206) 332-1380

DATED this 19th day of May, 2017.

                        Respectfully submitted,
                        **BAKER & HOSTETLER LLP**

                        *s/Curt Roy Hineline*
                        *s/James R. Morrison*
                        Curt Roy Hineline, WSBA #16317
                        James R. Morrison, WSBA #43043
                        999 Third Avenue, Suite 3600
                        Seattle, WA 98104-4040
                        Tel: (206) 332-1380
                        Fax: (206) 624-7317
                        E-mail:   chineline@bakerlaw.com
                                       jmorrison@bakerlaw.com

                        *Attorneys for Hat World, Inc.*

NOTICE OF REMOVAL - 6 -
CASE NO. 2:17-CV-00781

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3600
Seattle, WA 98104-4040
Telephone: (206) 332-1380

# CERTIFICATE OF SERVICE

I declare that on May 19, 2017 I caused a true copy of the foregoing NOTICE OF REMOVAL to be served on the following in the manner indicated:

| Scott McKay<br>Law Offices of Scott McKay<br>3614 California Ave. SW, Ste. A<br>Seattle, WA 98116-3780<br>Telephone: (206) 992-5466<br>Email: s.scott1212@hotmail.com | ☒ ECF<br>☐ Via Hand Delivery<br>☐ Via Facsimile<br>☒ Via U.S. Mail<br>☐ Via Overnight Delivery<br>☐ Via E-Mail |
|---|---|

*Attorney for Plaintiff Matthew Ward*

| Todd W. Wyatt<br>Marina M. Visan<br>Carson & Noel, PLLC<br>20 6th Avenue NE<br>Issaquah, WA 98027-3428<br>Telephone: (206) 837-4717<br>Fax: (206) 837-5396<br>todd@carsonnoel.com<br>marina@carsonnoel.com | ☒ ECF<br>☐ Via Hand Delivery<br>☐ Via Facsimile<br>☒ Via U.S. Mail<br>☐ Via Overnight Delivery<br>☐ Via E-Mail |
|---|---|

*Co-Counsel for Plaintiff Matthew Ward*

                                    *s/Serita Smith*
                                    Serita Smith
                                    Assistant to Curt Roy Hineline and
                                    James R. Morrison

NOTICE OF REMOVAL - 7 -
CASE NO. 2:17-CV-00781

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3600
Seattle, WA 98104-4040
Telephone: (206) 332-1380