UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MATTHEW WARD, on behalf of himself individually and on behalf of other similarly situated current or former employees,<br><br>                   Plaintiff,<br><br>   v.<br><br>HAT WORLD INC.,<br><br>                   Defendant. | C17-781 TSZ<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1)    Defendant's motion to transfer venue to the United States District Court for the Southern District of Indiana, docket no. 9, is GRANTED.  The Court is persuaded that the factors set forth in _Decker Coal Co. v. Commonwealth Edison Co._, 805 F.2d 834 (9th Cir. 1986), warrant "upsetting" plaintiff's choice of forum and transferring this matter to the Southern District of Indiana. _See id._ at 843.  Although plaintiff resides in Washington, every other putative opt-in plaintiff identified in the pleadings is located in another state closer to Indiana than to Washington.  In addition, although key witnesses like the district sales managers with whom plaintiff worked are on the West Coast (_i.e._, Alaska, California, Oregon, and Washington, as well as Alberta and British Columbia, Canada), the same cannot be said of the district sales managers with whom other putative opt-in plaintiffs worked, most of whom are situated in Kansas, Michigan, Ohio, Oklahoma, or Texas.  Finally, defendant's witnesses and documentary evidence are in Indiana.  Defendant has made the requisite "strong showing of inconvenience" to justify transferring this matter to the Southern District of Indiana pursuant to 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . .").

MINUTE ORDER - 1

(2)     Defendant's motion, docket no. 18, for relief from the briefing schedule concerning plaintiff's motion for conditional certification of a collective action pursuant to the Fair Labor Standards Act ("FLSA"), is GRANTED as follows.  The Court declines to rule on plaintiff's motion for conditional certification, docket no. 11, prior to transfer. After the matter is transferred, plaintiff shall take the steps necessary to place the motion on the court's calendar in the Southern District of Indiana.  Because judicial action on the motion is being delayed at defendant's request, the statute of limitations for putative opt-in plaintiffs is hereby EQUITABLY TOLLED from the date the motion for conditional certification of a collective action was filed, *i.e.*, June 22, 2017, and until sixty (60) days after the date of this Minute Order or until a later date that is fixed by the transferee court. *See Adams v. Inter-Con Sec. Sys., Inc.*, 242 F.R.D. 530, 542-43 (N.D. Cal. 2007).

(3)     The Clerk is DIRECTED to transfer this case to the United States District Court for the Southern District of Indiana, to administratively CLOSE this case, and to send a copy of this Minute Order to all counsel of record.

Dated this 12th day of July, 2017.


William M. McCool
Clerk

s/Karen Dews
Deputy Clerk

MINUTE ORDER - 2